Dear Sheriff Sanders:
You have asked for our opinion concerning your authority to appoint deputy sheriffs and other employees of the Sheriff's Office. Your inquiry arises as a result of recent legislation that includes deputy sheriffs and other employees of the Sheriff's Office in the Garrett County classified service system.
For the reasons stated below, it is our opinion that the Sheriff of Garrett County remains the appointing authority for deputy sheriffs. Of course, such authority must be exercised within the parameters of the county's classified service system.
 I Powers of Sheriff
A. Common Law Appointment Power of Sheriff
The State Constitution provides for a sheriff in each county and Baltimore City. Maryland Constitution, Article IV, § 44. The sheriff, an elected constitutional officer, exercises the powers and performs the duties prescribed by the common law, except as modified by statute or, to the extent the matter involves practice and procedure in the courts, by rule of the Court of Appeals. See Prince George's County v. Aluisi, 354 Md. 422,731 A.2d 888, 894-95 (1999); Soper v. Montgomery County,294 Md. 331, 337, 449 A.2d 1158 (1982); 79 Opinions of the AttorneyGeneral ___ (1994) [Opinion No. 94-043 (August 17, 1994)].
Among the common law powers and duties of a sheriff was the power to appoint, direct, and remove deputies. Rucker v. HarfordCounty, 316 Md. 275, 290, 558 A.2d 399 (1989) (citing 1 Andersonon Sheriffs §§ 60, 85, and 145). Several opinions of this Office have concluded that "the particular matter of the appointment of deputy sheriffs is totally within the powers of the sheriff. . . ." 58 Opinions of the Attorney General 708, 716 (1973); see also 79Opinions of the Attorney General ___ [Opinion No. 94-043 (August 17, 1994)]; Opinion No. 91-048 (November 4, 1991) (unpublished);cf. 80 C.J.S. Sheriffs and Constables, § 222 (in the absence of constitutional or statutory restrictions sheriffs have common law authority to appoint deputy sheriffs).
Although the General Assembly may modify a sheriff's common law powers by statute, political subdivisions do not have such authority. As the Court of Appeals stated in Rucker, "county officials may not directly abridge the functions and duties of a sheriff under the common law and enactments of the General Assembly. As our cases make clear, only the General Assembly can change the duties and functions of the sheriff." 316 Md. at 275. Consequently, a sheriff retains the common law authority to appoint deputy sheriffs and other employees, unless that authority is modified by the General Assembly. Moreover, "any statute limiting the powers of the Sheriff to appoint deputies being in derogation of the common law will be strictly construed." 58Opinions of the Attorney General 708, 714 (1973) (quoting 1Anderson on Sheriffs § 60).
B. Statutory Modification of Sheriff's Powers
The General Assembly has modified the powers of the sheriffs to varying degrees in Annotated Code of Maryland, Courts and Judicial Proceedings Article ("CJ") § 2-309. As this Office noted in an opinion concerning sheriffs generally, the General Assembly has altered these duties in different ways for each county, such as prescribing the number of deputies that a sheriff may appoint or providing some form of job security for employees — e.g., merit system protection. 79 Opinions of the Attorney General ___ [Opinion No. 94-043 (August 17, 1994)].
With respect to the Sheriff of Garrett County, the General Assembly has enacted a subsection that governs the staffing of the Sheriff's Office and the compensation and expenses of employees. CJ, § 2-309(m). Regarding the appointment of deputy sheriffs and other employees, that subsection states:
 (2) The Sheriff shall employ deputies as needed, within the budgetary limits, at salaries of at least $5,200 each, one of whom shall act as warden of the jail, and a matron for the jail who shall also perform clerical duties at the salary set by the Sheriff. The Sheriff may employ additional special deputies whose compensation shall be approved by the County Commissioners.
 (4) . . . The Sheriff may appoint a cook for the jail who shall receive a salary of at least $2,400. . . .
CJ, § 2-309(m)(2), (4).[1] Thus, while the General Assembly has specified the duties and salaries of certain employees of the Sheriff's Office and has made the number of deputies subject to budget constraints, it has not otherwise modified the Sheriff's appointment authority.
During its 1998 Session, the General Assembly enacted legislation to bring deputy sheriffs and other employees of the Garrett County Sheriff's Office within the county's classified service system.[2] Chapter 79, Laws of Maryland 1998 codifiedat CJ, § 2-309(m)(5). A bill analysis prepared for the legislative committees that considered the legislation noted that, under the county classification service system, "employees are provided a uniform system for calculating salaries and leave, hiring and discharging employees, and handling grievances." Bill Analysis for House Bill 569. That legislation did not purport to modify the Sheriff's appointment authority.
 II Analysis
On its face, CJ, § 2-309(m) does not eliminate the common law appointment authority of the Sheriff of Garrett County. Even after the 1998 amendment, the statute remains silent on the authority to appoint deputy sheriffs other than to state that the "Sheriff shall employ deputies as needed." CJ, § 2-309(m)(2). There is no indication in the legislative history of that amendment that the General Assembly believed that it was shifting the appointment authority from the Sheriff to some other individual or entity.
The County's classified service system may create procedures for the hiring and termination of employees and other personnel matters but cannot itself remove the appointment authority from the Sheriff. Even though deputy sheriffs are specifically granted classified system protection by CJ, § 2-309(m)(5), it does not follow that deputy sheriffs are to be appointed by someone other than the Sheriff simply because, once hired, they are in the classified system. In its classified service system, the county may establish standards for government employment and provide job protection rights for employees that the Sheriff must observe. However, to the extent that it purports to identify the appointing authority for specific positions, it cannot eliminate the Sheriff's common law power to appoint deputies without clear direction from the General Assembly.
Thus, there is no clear and unambiguous abrogation of the Sheriff's appointment authority in the statute. Until changed by the General Assembly, under the common law and the statute, the Sheriff continues to have the power to appoint deputy sheriffs, subject to procedures established in the county's classified service system.
 III Conclusion
In sum, it is our opinion that the Sheriff of Garrett County remains the appointing authority for deputy sheriffs in that office, unless and until the General Assembly should remove that authority. Of course, such authority must be exercised within the parameters of the county's classified service system.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Michael Fry Assistant Attorney General
Robert N. McDonald Chief Counsel Opinions Advice
Sheriffs — Commissioner Counties — Sheriff remainsappointing authority for sheriff's employees subject tocounty classified service system
[1] A 1973 amendment substituted the verb "employ" for "appoint" in what is currently paragraph (m)(2) of this subsection. Chapter 353, Laws of Maryland 1973. However, we could find no legislative history indicating that the amendment was intended to limit or eliminate the Sheriff's common law appointment powers. Moreover, we understand that, in practice, the Garrett County Sheriffs have exercised those appointment powers in the 25 years since that amendment.
[2] That provision reads:
 (5)(i) This paragraph does not apply to the Sheriff or Chief Deputy Sheriff.
 (ii) Deputy sheriffs and other employees of the Sheriff's Office are included in the Garrett County classified service system.
CJ, § 2-309(m)(5).
 *Page 163